IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

|  |  |
|---|---|
| COACH INC., and COACH SERVICES, INC., | ) ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. 1:12-cv-01274-JDB-egb ) ) ) |
| OUR LITTLE SECRET, *et al.*, | ) ) ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

On referral for Report and Recommendation is Plaintiffs' Motion for a Default Judgment against Defendants Our Little Secret and Ramiah McDougal [D.E. 15]. Since that time, Defendant Our Little Secret has entered a stipulation of dismissal with prejudice [D.E. 18]. The only remaining Defendant, Ramiah McDougal, has failed to answer the Complaint, nor has he made any appearance in this case. The Clerk's Entry of Default against these Defendants was entered on February 22, 2013 [D.E. 12]. Plaintiffs now move for Default Judgment in accordance with the Federal Rules of Civil Procedure. *See* Rule 55.

If a defendant fails to plead or defend as required by the Rules, the clerk or judge may enter default upon a plaintiff's request. Rule 55(a); *Shepard Claims Service, Inc. v. William Darrah & Associates*, 796 F.2d 190, 194 (6th Cir. 1986) (When a defendant fails to file a responsive answer, he is in default, and an entry of default may be made by either the clerk or the judge.). Then, if no hearing is needed to ascertain damages, judgment by default may be entered. Rule 55(b); *United Coin Meter Co., Inc. v. Seaboard Coastline RR.*, 705 F.2d 839, 844 (6th Cir. 1983) (*citing Meehan v. Snow*, 652 F.2d 274 (2d Cir. 1981).

When a court determines that a defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true. *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977); Fed. R. Civ. P. 8(d); Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d* 2688. Therefore, after receiving a default, a plaintiff must still establish the extent of damages to which he is entitled. *Kelley v. Carr*, 567 F. Supp. 831, 841 (W.D. Mich.1983). However, if the damages sought by the plaintiff are a sum certain or a sum that can be made certain by computation, judgment will generally be entered for that amount without an evidentiary hearing. Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d* 2688.

In this case, as previously stated, Defendant is in default and Entry of Default has been made. Regarding damages, attorney for Plaintiffs has filed an Affidavit [D.E. 15-2]. This document, along with Plaintiffs' Motion, sets forth that Coach elects to recover statutory damages as permitted under the Lanham Act for six specific trademark infringements and two specific copyright infringements totaling $1,300,000. Finding that the amount is a sum certain, the Magistrate Judge does not believe that an evidentiary hearing is necessary in this matter. Plaintiffs have also requested interest, costs and attorneys fees. The Magistrate Judge recommends that Plaintiffs be ordered to submit an affidavit detailing the specific amounts requested within 10 days.

Finally, Plaintiffs assert that Coach is also entitled to entry of a permanent injunction to prevent any future infringement of its trademarks. The Lanham Act permits the issuance of permanent injunctions to prevent future violations. 15 U.S.C. §1116. Furthermore, it is well established that injury arising out of trademark infringement and public confusion causes irreparable harm. "Courts….subscribe to the rule that infringement of a trademark is, by its very nature, an activity which causes irreparable harm—irreparable in the sense that no final decree of a

court can adequately compensate a Plaintiff for the confusion that has already occurred." *Council of Better Business Bureau, Inc. v. Better Business Bureau of South Florida*, 200 U.S.P.Q. (BNA) 282 (S.D. Fla. 1978); *Tally-Ho Inc. v. Coast Community College District*, 889 F.2d at 1029 (11th Cir. 1989).

A plaintiff seeking a permanent injunction must demonstrate (1) that it has suffered irreparable injury; (2) that there is no adequate remedy at law; (3) that considering the balance of the hardships between the plaintiff and defendant, a remedy in equity is warranted, and (4) it is in the public's interest to issue the injunction. *Coach Inc. v. Cellular Planet, et al.*, slip copy, 2010 WL 1853424 (S.D.Ohio May 7, 2010) affirmed in slip copy, 2010 WL 2572113 (S.D.Ohio June 22, 2010); *Microsoft v. McGee*, 490 F. Supp.2d at 882 *citing Audi AG v. D'Amato*, 469 F.3d 534, 550 (6th Cir. 2006). The Magistrate Judge finds that Plaintiffs have demonstrated all four factors and that an injunction is appropriate and necessary.

In conclusion, the Magistrate Judge recommends that the U.S. District Court grant Plaintiffs' motion for default judgment against Defendant Ramiah McDougal.

Respectfully Submitted,

                                                                    **s/Edward G. Bryant**
                                                                     EDWARD G. BRYANT
                                                                     UNITED STATES MAGISTRATE JUDGE

                                                                     Date:  **September 9, 2013**

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATIONS MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATIONS.  28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**